# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
May 1, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ANNA L. ALONSO,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1477**  (BOR Appeal No. 2047497)
(Claim No. 2012001323)

**JAN-CARE AMBULANCE SERVICE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Anna L. Alonso, by Lawrence Sherman Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jan-Care Ambulance Service, Inc., by George Roeder III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 6, 2012, in which the Board affirmed a June 27, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 8, 2011, decision rejecting Ms. Alonso's claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Alonso alleges that she sustained right shoulder injuries while entering an ambulance in the course of her employment as an emergency medical technician. On July 9, 2011, Ms. Alonso sought treatment, and reported experiencing a right shoulder/back injury on June 18, 2011, while entering an ambulance. She was diagnosed with a right shoulder strain and thoracic strain with right upper extremity pain. An undated telephonic report of injury completed by Jan-Care Ambulance Service noted that Ms. Alonso is unable to provide a date of injury, but that she

1

injured her right shoulder while entering an ambulance. On July 9, 2011, Ms. Alonso filed a report of injury listing the date of injury as June 18, 2011.

Ms. Alonso underwent physical therapy beginning on July 14, 2011. Multiple physical therapy treatment notes list May 18, 2011, as the date Ms. Alonso injured her right shoulder/back. When she began physical therapy, Ms. Alonso completed a physical therapy questionnaire and stated that she has been experiencing pain of gradual onset in her right shoulder for the last three weeks.

On August 8, 2011, the claims administrator rejected Ms. Alonso's claim for workers' compensation benefits, citing inconsistencies in the evidentiary record. On August 12, 2011, a right shoulder MRI revealed the presence of a suspected partial right rotator cuff tendon tear.

Ms. Alonso has authored four undated handwritten statements concerning the alleged right shoulder injury. Two of these statements do not reference a date of injury. One indicates that Ms. Alonso is certain that the date of injury was June 18, 2011, because that is the date of injury she self-reported while receiving treatment on July 9, 2011. Another indicates that she is certain that the date of injury was July 8, 2011. On January 25, 2012, Ms. Alonso testified in a deposition that the date of injury was July 8, 2011, and that she simply misstated the date in the report of injury and her handwritten letter. She further testified that she injured herself while entering an ambulance because she was transferred to another ambulance on May 11, 2011, which did not have handles to assist her while entering the vehicle.

In its Order affirming the August 8, 2011, claims administrator's decision, the Office of Judges held that Ms. Alonso's claim for workers' compensation benefits is not compensable. Ms. Alonso disputes this finding and asserts that the evidence of record demonstrates that she sustained a compensable injury in the course of her employment.

The Office of Judges noted that Ms. Alonso has reported multiple dates of injury at various places in the evidentiary record, which include May 18, 2011; June 18, 2011; and July 8, 2011. The Office of Judges found that Ms. Alonso has self-reported both a sudden and gradual onset of pain in her right shoulder. The Office of Judges noted that Ms. Alonso testified that she injured her shoulder because she was transferred to another ambulance on May 11, 2011. However, the Office of Judges found that a report from Lisa Dennier, Jan-Care Ambulance Service's risk manager, shows that the transfer alleged by Ms. Alonso did not occur during May of 2011, June of 2011, or July of 2011. The Office of Judges therefore concluded that there are too many inconsistencies and discrepancies in the record to form the necessary basis for a finding of compensability in the instant claim. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision of December 6, 2012. We agree with the reasoning set forth by the Office of Judges and the conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   May 1, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II